UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SABRINA WILLIAMS § | |
| § | |
| Plaintiff § | Civil Action No.:  3:21-cv-1310 |
| § | |
| v. § | |
| § | |
| BRINKER INTERNATIONAL, INC., § | |
| BRINKER RESTAURANT CORP. d/b/a § | |
| CHILI'S BAR & GRILL, BRINKER § | |
| INTERNATIONAL PAYROLL § | |
| COMPANY, L.P., AIR STAR § | JURY TRIAL DEMANDED |
| CONCESSIONS, LTD. d/b/a CHILI'S, § | |
| STAR CONCESSIONS, LTD., BASE § | |
| HOLDINGS, LLC d/b/a CHILI'S, and § | |
| GILBERT ARANZA, § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Sabrina Williams ("Plaintiff" or "Williams") brings this action against Defendants Brinker International, Inc., Brinker Restaurant Corp. d/b/a Chili's Grill & Bar, Brinker International Payroll Company, L.P., Air Star Concessions, Ltd. d/b/a Chili's, Star Concessions, Ltd., Base Holdings, LLC d/b/a Chili's, and Gilbert Aranza, for violating the laws of the United States of America, and alleges the following:

### I.     INTRODUCTION

1.     This is an action under Title VII of the 1964 Civil Rights Act in 42 U.S.C. §§ 2000e et. seq. as amended by the Civil Right Act of 1991 (hereinafter referred to as "Title VII") and The Americans with Disabilities Act ("ADA") for discrimination based on gender and disability, as well as retaliation suffered by Plaintiff.

2. Plaintiff demands a jury on all issues triable to a jury.

## II. PARTIES, JURISDICTION, AND VENUE

3. Sabrina Williams ("Williams") is an adult citizen of the United States, residing in the State of Texas.

4. Defendant, Brinker International, Inc. is a corporation formed in the state of Delaware doing business in Texas and can be served by and through its registered agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant, Brinker Restaurant Corporation d/b/a Chili's Grill & Bar is a corporation formed in the state of Delaware doing business in Texas and can be served by and through its registered agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. Defendant, Brinker International Payroll Company, L.P. d/b/a Chili's Grill & Bar is a corporation formed in the state of Delaware and doing business in Texas and can be served by and through its registered agent, Corporation Service Company d/b/a CSC – Lawyers, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant, Air Star Concessions, Ltd. d/b/a Chili's, is a limited company formed in the state of Texas and doing business in Texas and can be served by and through its registered agent, Gilbert Aranza, 7929 Brookriver Drive, Suite 200, Dallas, TX 75247.

8. Defendant Star Concessions, Ltd., is a limited company formed in the state of Texas doing business in Texas and can be served by and through its registered agent, Gilbert Aranza, 7929 Brookriver Drive, Suite 200, Dallas, TX 75247.

9. Defendant Base Holdings, LLC, is a limited limited company formed in the state of Texas doing business in Texas and can be served by and through its registered agent, Aranza Star, Inc., 8008 Cedar Springs Road, Suite 301, Dallas, TX 75235, or wherever may be found.

10. Defendant Gilbert Aranza is an individual and can be served by and his residence located at 3445 University Blvd., University Park, TX 75205 or at his place of business 8008 Cedar Springs Road, Suite 301, Terminal Building Dallas, Texas 75235, or wherever he may be found.

11. The Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331, as this action is being brought under Title VII, § 1981, and ADA.

12. Venue is proper in the Northern District of Texas, under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2002e-5(f)(3), since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Northern District of Texas.

13. At all times relevant to this matter, Defendants employed more than fifteen (15) employees.

14. At all times relevant to this matter, Defendants employed fifty (50) employees within a 75-mile radius.

15. The amount in controversy exceeds $75,000.00.

### III. CONDITIONS PRECEDENT

16. All conditions precedent to filing this cause of action have been met.

17. The Equal Employment Opportunity Commission ("EEOC") notice of right to sue was signed on March 24, 2021(Plaintiff did not receive it by mail until numerous days later). This action is filed within ninety (90) days of the signature date for the Notice of Right to Sue Letter from the EEOC.

## IV.   FACTS

18.   At all times relevant to this case, Plaintiff was an employee of Defendants.

19.   At all times relevant to this case, all Defendants were employers of Plaintiff as defined under Title VII and ADA.

20.   Plaintiff is female, and was an employee as defined under Title VII and ADA.

21.   On or about April 5, 2015, Williams began her employment with Defendants as a bartender at the Defendants' Chili's located at 8008 Cedar Springs Rd, Dallas, TX 75235.

22.   Beginning in May 2016, Williams was subjected to ongoing sexual harassment at the workplace by Defendants' management, including by managers named Earnest, Adam, and Derwin McGill.

23.   At the workplace, Adam would request Williams join him at his residence for sexual intercourse, and asked Williams to "deep throat" him.  Adam also showed Williams a picture of his penis on the job.

24.   At the workplace, Earnest requested that Williams touch his genitals and asked for her to spend time with him for sex.

25.   At the workplace, McGill also physically touched Williams' buttocks repeatedly, and requested oral sex from Williams.

26.   Williams complained of the harassment to Todd, her general manager.

27.   Todd thereafter sexually harassed her.  Specifically, Todd attempted to kiss Williams, grabbed her buttocks on numerous occasions, and requested oral sex from Williams.

28.   On or around October 2016, Williams lost her voice and suffered from a severe and consistent form of laryngitis, which made her ability to communicate extremely difficult.

29. Williams reported the disability to Todd and Adam, her managers, to request time off to seek medical help for her laryngitis. Todd and Adam told her they would "work on it."

30. Williams reported her need to be off to see the doctor and for Defendants to engage in the interactive process or reasonably accommodate her.

31. Defendants never engaged in the process (or gave her a reasonable accommodation) and kept ignoring her requests. In fact, Defendants did the opposite of accommodating her and engaging in the interactive process for her disability, and assigned new shifts for Williams, which made it further difficult to get help for her disability.

32. Ms. Williams reported the sexual harassment and Defendants' failure to engage in the interactive process or reasonably accommodate her for her disability.

33. On the date of her termination on November 8, 2016, Williams was walking to the back of the restaurant to replenish supplies at the bar of the restaurant. While walking to the back of the restaurant (a small and tight area), Williams announced that she was coming through so as to avoid running into anyone. Because of her laryngitis, her voice could not be as loud. While walking, Williams may have bumped into another employee by accident. She was then attacked by another employee named Kevin, a very large man.

34. Williams was thrown to the ground and punched at least five (5) times while several people were yelling and cursing at her.

35. Williams suffered bodily injury as a result of the assault.

36. Williams was then terminated for fighting; Williams had not started or ended any type of fight. Williams was the victim of assault at the workplace.

37. From October 2016 to the date Williams' termination, Williams requested time off to see the doctor on a daily basis, and she was continuously told by Defendants that they had no one to cover my shift and that "they are working on it."

38. Defendants ignored Williams' numerous requests to take off for her disability.

39. Then when she was assaulted in the kitchen, Defendants used that incident to accuse Williams of fighting and terminated her.

40. Plaintiff's performance while working for Defendants was excellent.

41. Plaintiff was never written-up or otherwise disciplined as Defendants' employee.

## V.    CAUSES OF ACTION

### COUNT ONE:  VIOLATION OF TITLE VII/RETALIATION

42. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if fully stated herein.

43. Defendants are "employers" as defined in Title VII.

44. Plaintiff is an "employee" as defined by Title VII.

45. Plaintiff was qualified for her position at all times while working for Defendants.

46. During the time that Plaintiff was employed by Defendants, she was subjected to severe and pervasive sexual harassment and retaliation with regards to the terms and conditions of employment including but not limited to wrongful termination, and retaliation for engaging in protected activity as defined by Title VII.

47. The work environment with Defendants was objectively and subjectively offensive solely based on her being female.

48. As described herein, Defendants intentionally and willfully violated Title VII discriminating, harassing, terminating, and retaliating against Plaintiff. In illegally

discriminating, harassing, and retaliating against Plaintiff, Defendants acted with malice and/or reckless indifference to the statutory rights of Plaintiff.

49. Plaintiff was terminated in retaliation for complaining of sexual harassment and discrimination regarding her supervisors.

50. Defendants were aware of the protected activity and discriminated further against Plaintiff and terminated Plaintiff based on her engaging in protected activity.

51. As a result of Defendant's violations of Title VII, Plaintiff has suffered physical, mental, and emotional trauma, actual damages in the form of lost wages and benefits (past and future) and other losses.

52. As a result of these willful violations of Title VII, Plaintiff requests that she be awarded all compensatory and punitive damages, to which she is entitled, as outlined in Title VII, as well as equitable relief, and attorneys' fees and costs.

### COUNT TWO: VIOLATION OF ADA/RETALIATION

53. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if full stated herein.

54. At all times relevant to this case, Plaintiff was a qualified individual with a disability as that term is defined under the ADA and was capable of performing the essential functions of his employment with Defendants.

55. Defendants were aware of Plaintiff's disability, or perceived Plaintiff to be disabled. Instead of engaging in the interactive process or reasonably accommodating her, they terminated her in retaliation when she was assaulted by another employee at the workplace.

56. Defendant failed to engage in the interactive process with Plaintiff to determine if a reasonable accommodation was possible which would have allowed her to work her position or other similar positions.

57. The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her employment status as an employee because of her husband's disability.

58. The unlawful employment practices complained of above were intentional.

59. The unlawful employment practices described above were committed with malice or with reckless indifference for the federal protected rights of Williams.

60. Plaintiff suffered significant damages as a result of Defendant's actions. Further, because Plaintiff was forced to retain counsel to protect his rights, Plaintiff is also entitled to reasonable attorneys' fees, reasonable expert witness fees, and any other costs of court. Additionally, Plaintiff is entitled to pre-judgment and post-judgment interest on all sums, including attorneys' fees and costs awarded in this action.

## VI.   RESPONDEAT SUPERIOR AND RATIFICATION

Whenever in this complaint it is alleged that the Defendants did any act or thing, it is meant that the Defendants' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives.

## VII.   DAMAGES

61. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

62. Defendant's violations of Title VII and ADA give rise to the following damages: back pay, reinstatement, or if reinstatement is deemed not feasible, compensation for lost future pay or front pay; benefits in the past and the future, liquidated damages; costs; expert witness fees; attorneys' fees; mental anguish; emotional distress in the past and future; compensatory damages; and pre- and post-judgment interest as allowed by law.

63. Additionally, since Defendants' actions were committed maliciously, willfully, and/or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendants and others similarly situated from this conduct in the future.

## VIII.   JURY DEMAND

64. Plaintiffs respectfully request a trial by jury.

## VIII.   PRAYER FOR RELIEF

65. WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding her:

   a. Declaration that Defendant violated Plaintiff's rights under Title VII and ADA;
   b. Actual and compensatory damages for the period of time provided by law, including appropriate back pay, front pay and reimbursement (past and future) for lost pension, insurance and all other benefits;
   c. Reinstatement, or front pay, including benefits, in lieu of reinstatement;
   d. Compensatory damages as allowed by law
   e. Punitive damages as allowed by law;
   f. Liquidated damages;
   g. Reasonable attorneys' fees, costs and expenses of this action

h.  Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

i.  Emotional distress and mental anguish;

j.  Pre-judgment and post-judgment interest as allowed by law;

k.  Costs of court and other costs of prosecuting Plaintiff's claim; and

l.  Such other and further relief as may be allowed by law.

DATED:  June 7, 2021                                    RESPECTFULLY SUBMITTED,

**THE BHATTI LAW FIRM, PLLC**

/s/Vincent Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. John
State Bar No. 24062803
5700 Tennyson Parkway, Suite 300
Plano, TX 75024
(214) 253-2533 (Telephone)
(214) 279-0033 (Facsimile)
vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
*Attorneys for Plaintiff*